UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIM CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-544 |
| | ) |
| Ameristar Casino St. Charles, LLC, | ) JURY TRIAL DEMANDED |
| Boyd Gaming Corporation, | ) |
| Boyd TCIV, LLC, | ) |
| Penn National Gaming, Inc. | ) |
| PNK (RIVER CITY), LLC, and | ) |
| Pinnacle Entertainment, Inc., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW, Boyd Gaming Corporation (hereinafter "Boyd Gaming"), by and through its undersigned counsel and hereby files its Notice of Removal from the Circuit Court of St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(d). In support thereof, Boyd Gaming respectfully states to this Honorable Court as follows:[1]

### INTRODUCTION AND BACKGROUND

1. Boyd Gaming is named as one of six (6) Defendants in a civil action initiated by Kim Carpenter (hereinafter "Plaintiff") in the Circuit Court of St. Charles County, Missouri entitled *Kim Carpenter v. Ameristar Casino St. Charles, LLC, Boyd Gaming Corporation, Boyd TCIV, LLC, Penn National Gaming, Inc., PNK (River City), LLC, and Pinnacle Entertainment,*

---

[1] To the extent this Court determines that additional information is needed to determine whether removal in this matter is proper, Defendant respectfully requests that this Court provide it leave to supplement additional information that the Court deems necessary to make a determination.

*Inc.*, Case No. 1811-CC01192 (the "Lawsuit").  A copy of all process, pleadings, and orders served on Boyd Gaming in said action are attached hereto (Exhibit 1).

2. Plaintiff filed the Lawsuit on December 20, 2018.  On February 19, 2019, a copy of the Summons and Petition in the Lawsuit was received by CSC-Lawyers Incorporating Service Company as registered agent in Missouri for service of process on Defendant Boyd Gaming. Pursuant to 28 U.S.C. § 1446(b), Defendant Boyd Gaming has timely filed this Notice of Removal on this 21st day of March, 2019, within thirty (30) days of receiving service of Plaintiff's Petition initiating the Lawsuit.

3. The Lawsuit is a civil action seeking damages for claims asserted under the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010-137, and Missouri's Workers' Compensation Act, Mo.Rev.Stat. § 287.780.  (Exhibit 1, at Petition).

## GROUNDS FOR REMOVAL

4. This Court has original jurisdiction for this action pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441 because: (a) the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs; (b) there is complete diversity of citizenship between Plaintiff and all named Defendants.

5. Venue for this removal action is proper in the United States District Court for the Eastern District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of St. Charles County, Missouri, where Plaintiff filed her Petition. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

6. All named Defendants have been notified of Defendant Boyd Gaming Corporation's intent to remove this matter pursuant to 28 U.S.C. § 1332, and all Defendants consent to removal. (See Exhibits 2-6).

**DIVERSITY OF CITIZENSHIP**

7. The citizenship of an individual is determined by the individual's physical presence in a State and his or her intent to remain in that State indefinitely. *See* Altimore v. Mount Mercy College, 420 F.3d 763, 768-69 (8th Cir. 2005).

8. In determining the citizenship of a corporation, a corporation is deemed a citizen of any State in which it has been incorporated and of the State where it has its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. Id.

9. The citizenship of a limited liability company, is determined by the citizenship of its members. Clark v. SL W. Lounge, LLC, No. 4:18-CV-01223-JCH, 2018 WL 6246885, at *2 (E.D. Mo. Nov. 29, 2018) *citing* E3 Biofules, LLC v. Biothane, LLC, 781 F.3d 972, 975 (8th Cir. 2015).

**Plaintiff Kim Carpenter**

10. Plaintiff, Kim Carpenter, is a citizen of the State of Missouri. (Exhibit 1, at Petition Para. 3).

**Defendant Boyd Gaming Corporation**

11. Boyd Gaming Corporation is, and was on the date this Lawsuit was filed, a citizen of the state of Nevada because it is and was a corporation organized under the laws of the State of Nevada with its principal place of business in Nevada. (Exhibit 7, Para. 4). *See* Hertz Corp., 559 U.S. 77.

244765                                          3

### Defendant Boyd TCIV, LLC

12. Defendant, Boyd TCIV, LLC is, and was on the date this Lawsuit was filed, a citizen of Nevada because it is a Nevada Limited Liability Company whose sole member is Boyd Gaming Corporation, a citizen of Nevada. (Exhibit 7, Para. 4-5). *See* E3 Biofules, LLC, 781 F.3d at 975.

### Defendant Ameristar Casino St. Charles, LLC

13. Defendant Ameristar Casino St. Charles, LLC is, and was on the date this Lawsuit was filed, a citizen of Nevada because it is a Missouri Limited Liability Company whose sole member is Boyd TCIV, LLC, which is deemed a citizen of Nevada by way of its sole member Boyd Gaming Corporation, a citizen of the State of Nevada. (Exhibit 7, Para. 3-6). *See* E3 Biofules, LLC, 781 F.3d at 975.

### Defendant Penn National Gaming, Inc.

14. Defendant, Penn National Gaming, Inc. is, and was on the date this Lawsuit was filed, a citizen of Delaware and Pennsylvania because it is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. (Exhibit 8, Para. 5). *See* Hertz Corp., 559 U.S. 77.

### Defendant Pinnacle Entertainment, Inc.

15. Defendant Pinnacle Entertainment, Inc. is, and was on the date this Lawsuit was filed, a citizen of Delaware and Pennsylvania because it is a corporation organized under the laws of the State of Delaware with its principal place of business in Pennsylvania. (Exhibit 8, Para. 3-4). *See* Hertz Corp., 599 U.S. 77.

**Defendant PNK (River City), LLC**

16.     Defendant, PNK (River City), LLC is a Missouri Limited Liability Company whose sole member is Pinnacle MLS, LLC. (Exhibit 8, Para. 7). *See* <u>E3 Biofules, LLC</u>, 781 F.3d at 975.

17.     Pinnacle MLS, LLC is a Delaware Limited Liability Company whose sole member is Pinnacle Entertainment, Inc. which is, and was on the date this Lawsuit was filed, a citizen of Delaware and Pennsylvania. (Exhibit 8, Para. 3-4, 6).

18.     Thus, Defendant PNK (River City), LLC, by way of its sole member Pinnacle MLS, LLC, whose sole member is Pinnacle Entertainment, Inc., is deemed a citizen of the States of Delaware and Pennsylvania.

**All Defendants Are Diverse From Plaintiff**

19.     Based upon the foregoing, complete diversity exists between Plaintiff, a citizen of the State of Missouri, and all Defendants, which are citizens of the States of Delaware, Nevada and Pennsylvania, and none of which are citizens of Missouri. Therefore, this Court has original jurisdiction over the claims raised in Plaintiff's Petition pursuant to 28 U.S.C. § 1332.

**<u>AMOUNT IN CONTROVERSY</u>**

20.      Although Plaintiff's Petition does not allege a specific amount of total damages sought, Defendant Boyd Gaming has a good faith basis and belief to a high degree of legal certainty that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* <u>Dart Cherokee Basin Operating Co., LLC v. Owens</u>, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation" that the jurisdictional requirements are met); <u>Kopp v. Kopp</u>, 280 F.3d 883, 885 (8th Cir. 2002) (in determining the amount in controversy, the relevant question is not whether

the verdict will ultimately exceed $75,000, but rather whether a finder of fact could legally conclude that the damages exceed that amount).

21. A removing party may meet its burden of demonstrating the amount in controversy exceeds $75,000 by "analogous case law or hypothetical itemization of damages" that includes potential punitive damages and statutory attorney fees. Caldwell v. Gen. Motors, LLC, No. 4:18-CV-01636-JAR, 2018 WL 6696624, at *3 (E.D. Mo. Dec. 20, 2018); *see also* Peterson v. The Travelers Indem. Co., 867 F.3d 992, 995 (8th Cir. 2017) (punitive damages and statutory attorneys' fees are included when evaluating the jurisdictional minimum for amount in controversy).

22. One element of damages Plaintiff requests is lost monetary benefits, i.e., front pay, lost income and benefits. (Exhibit 1, Petition, at Pgs. 4-5 and Prayers for Relief therein). Plaintiff earned a base annual salary of at least $150,000.00 as of April 6, 2018, the date of her termination by Pinnacle Entertainment, Inc. (Exhibit 8, Para. 8). Therefore, the value of Plaintiff's compensation and benefits Plaintiff would have earned had she remained employed from the date of her termination on April 6, 2018 through the date of the filing of the Petition on December 20, 2018 exceeds $100,000.00 (36 weeks at $2884.62 per week = $103,846.32). This amount exceeds the minimum amount in controversy required under 28 U.S.C. § 1332(a).

23. Moreover, although Plaintiff pleads no specific amount of punitive damages or attorneys' fees sought, recent verdicts and judgments in analogous claims under the Missouri Human Rights Act demonstrate a finder of fact could legally award damages, including hypothetical punitive damages and attorneys' fees, in excess of $75,000.00. *See* Jones v. City of Kansas City, Mo., Case No. 1516-CV25112, Appeal No. WD 81671, 2019 WL 610381, at *3 (Mo. Ct. App. Feb. 13, 2019)(damages in the amount of $356,694.69 and attorneys' fees in the amount of $662,862.50); Stubbs v. Independence Sch. Dist., et al., Case No. 1616-CV11175, 2017 WL

6989042, at *1 (Mo.Cir. Nov. 28, 2017)(total damages in the amount of $341,000.00); <u>D A Miller v. John Bosman, et al.</u>, Case No. 1416-CV02573, 2016 WL 8315313, at *1 (Mo.Cir. Dec. 15, 2016)(compensatory damages in the amount of $450,000.00, punitive damages in the amount of $20 million, later reduced to statutory cap of $8,383,510.95 punitive damages).

24. Here, the jurisdictional amount is met inasmuch as Plaintiff seeks damages in this lawsuit for front pay, lost wages and benefits, compensatory and punitive damages, as well as attorneys' fees, for which a finder of fact could legally award an amount of damages that exceeds the minimum amount in controversy required under 28 U.S.C. § 1332(a).

## CONCLUSION

25. Thus, this Court has original jurisdiction over the above-described action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 inasmuch as the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states and, therefore, removal of this action to this Court is therefore proper pursuant to 28 U.S.C. § 1441(b).

26. In accordance with 28 U.S.C. § 1446(b), this action is removable because this Notice is filed within thirty (30) days after the service of Plaintiff's Petition, and this matter is one which otherwise may be removed to this Court.

27. Defendant's Notice of Removal is accompanied by written notice to Plaintiff and all named Defendants and a copy of Defendant's Notice of Removal is being filed with the Clerk of the Circuit Court of St. Charles County, Missouri on this date, as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendant Boyd Gaming Corporation provides Notice of Removal of the above-styled action pending in the Circuit Court of St. Charles County, State of Missouri, to the

United States District Court for the Eastern District of Missouri. To the extent this Court determines that additional information is needed to determine whether removal in this matter is proper, Defendant Boyd Gaming Corporation respectfully requests this Court to provide it leave to supplement such additional information that the Court deems necessary to make such a determination.

                                        Respectfully submitted,

                                        **McMAHON BERGER, P.C.**

                                        /s/ John J. Marino, Jr.
                                        John J. Marino, ARN 58957MO
                                        Christina S. Capizzi, ARN 58877MO
                                        Rex P. Fennessey, ARN 58925MO
                                        2730 North Ballas Road, Suite 200
                                        St. Louis, Missouri 63131
                                        (314) 567-7350 - Telephone
                                        (314) 567-5968 - Facsimile

                                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of March, 2019, a copy of the foregoing was served via first class mail, postage prepaid, addressed as follows:

    Joshua M. Pierson
    Sowers & Wolf
    530 Maryville Centre Dr., Suite 460
    St. Louis, MO 63141

                                          /s/ John J. Marino, Jr.