UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KIM CARPENTER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:19 CV 544 SNLJ |
| AMERISTAR CASINO ST. CHARLES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff brings this action under § 287.780 RSMo, alleging that defendants violated her rights under the Missouri Workers Compensation Act when they discriminated against her in retaliation for exercising her rights under the Act. Defendants removed this case from the Circuit Court for St. Charles County under 28 U.S.C. § 1441, claiming that this court had original jurisdiction based on diversity of citizenship. Plaintiff moves to remand this case back to state court under 28 U.S.C. § 1445(c), which states that an action "arising under the workmen's compensation laws of such State may not be removed to any district court."

> Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies[.]

1

*Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995). "If § 1445(c) applies, a case is nonremovable even if it presents a federal question or there is diversity." *Id.* at 1244.

This Court is bound to follow Eighth Circuit precedent. Nonetheless, defendants argue that *Humphrey* was wrongly decided and should be revisited, particularly because the relevant state law—§ 287.780 RSMo—has been revised. Defendants argue that, unlike the no-fault rubric of the workers compensation statute, claims for workers compensation retaliation are fundamentally different. The primary purpose of the no-fault liability provisions of the Act is to "provide a simple and nontechnical method of compensation for injuries sustained by employees through accident arising out of and in the course of employment." *State ex rel. ISP Minerals, Inc. v. Labor & Indus. Relations Comm'n*, 465 S.W.3d 471, 473 (Mo. *banc* 2015). Those claims can only be heard through the administrative law procedures and not through the state circuit courts. § 287.801 RSMo. The workers' compensation retaliation provision of the Act, however, is excluded from that administrative law scheme, and it is treated like a common-law tort. *Cook v. Hussmann Corp.*, 852 S.W.2d 342, 344 (Mo. *banc* 1993).

Defendants thus argue that plaintiff's retaliation claim does not "arise under" the workers compensation laws of the state, despite its place among the other provisions of the Act and despite its language, which states

> No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights <u>under this chapter</u> when the exercising of such rights is the motivating factor in the discharge or discrimination. Any employee who

> has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer. For purposes of this section, "motivating factor" shall mean that the employee's exercise of his or her rights under this chapter actually played a role in the discharge or discrimination and had a determinative influence on the discharge or discrimination.

§ 287.780 RSMo (2017) (emphasis added). Defendants further point out that, since the *Humphrey* decision, the retaliation provision was amended to align the burden of proof with other intentional torts like the Missouri Human Rights Act. *See* § 213.010 RSMo (establishing motivating factor standard for claims under MHRA).

Regardless, this Court is unwilling to depart from the clear precedent set by *Humphrey*. The Court also declines to remand only the retaliation claim. In accordance with *Humphrey*, the motion to remand will be granted. The Court will deny the request for fees, however.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to remand (#36) is GRANTED.

IT IS FURTHER ORDERED that this case is REMANDED to the Circuit Court for St. Charles County, Missouri.

Dated this  30th  day of May, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE